YORKVILLE LIVE POULTRY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24876. Promulgated November 9, 1929.

*Ferdinand Tannenbaum, Esq.,* for the petitioner.
*J. E. Marshall, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined a deficiency in income tax for 1922 of $1,305.31 and for 1923 of $1,685.23. This was

predicated on a determination that net income was to be taken at 4 per cent of gross sales less the exemption of $2,000. The percentage method of computing net income was " due to the inadequacy of the records and information necessary to compute the income of the taxpayer."

The books of account for 1922 were lost and for 1923 were not produced. The only officer of the corporation who testified had no personal knowledge of significant facts. He said the bookkeeper prepared the return, and whether the bookkeeper used the books, he inferred on cross-examination, " He has got to look in the books. He cannot make it from his head, counsel; he cannot make an income tax return from his head. He has got to make it from the books."

This basically sound statement crudely expresses the whole reason why the evidence is inadequate to sustain the petition. The remaining testimony consists of inferences drawn by a public accountant from his general experience in auditing books of this and other poultry dealers and from so-called work sheets assumed to reflect correctly the missing books, which in turn were assumed to record correctly petitioner's transactions. There is no more direct evidence to establish the correct income, and this we think is insufficient to support the material findings of fact requested by petitioner or to reverse the respondent's determination. *Bishoff* v. *Commissioner*, 27 Fed. (2d) 91; affirming *F. G. Bishoff*, 6 B. T. A. 570.

*Judgment will be entered for the respondent.*